UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-23057-KING/TORRES

JAMES "JAS" PRINCE, and
YOUNG EMPIRE MUSIC GROUP, LLC,

      Plaintiffs,

v.

CASH MONEY RECORDS, INC.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss or, in the Alternative, to Stay, and Incorporated Memorandum of Law (DE #7). Therein, and among other arguments, Defendant Cash Money Records ("Cash Money") seeks the dismissal of Plaintiffs' Complaint on the basis of defects in Plaintiffs' jurisdictional allegations, and Plaintiffs' failure to join an indispensable party to this action. This matter is fully briefed,[1] and as set forth below the Court finds that Defendant's Motion should be granted, and Plaintiffs' Complaint should be dismissed with leave to file an amended complaint.

### I.    Background

This action arises from a dispute over moneys allegedly owed by Cash Money, a record label, to Plaintiffs stemming from Plaintiffs' discovery of the popular recording artist Aubrey Graham, a.k.a. "Drake," and Plaintiffs' subsequent assistance in securing Drake's recording contract with Cash Money. According to Plaintiffs' Complaint, Plaintiffs discovered Drake in 2007, long before he became the popular recording artist he is today, and assisted Drake in signing an exclusive recording artist agreement with non-party Aspire Music Group ("Aspire")

---

[1]    Plaintiffs filed their Response in Opposition (DE #15), and Defendant filed its Reply in Support (DE #20).

in December of 2008. Aspire's role, according to Plaintiffs, was to "furnish[] Drake's services to others for the purpose of creating musical recordings." In June of 2009, Aspire entered into an agreement with Cash Money pursuant to which Aspire furnished the exclusive recording services of Drake to Cash Money.

According to the Complaint, in July of 2009 a number of signatories, including Aspire, entered into a "settlement agreement and general release" whereby all agreed that Plaintiffs would be paid a sum equal to 22% of Aspire's $33^{1/3}$% share of net profits derived from Drake's recording contract with Cash Money. Then, in July of 2010, this agreement was "clarified" to correct the division of profits as follows: $33^{1/3}$% of net profits derived from Drake's recording contract with Cash Money was payable to Aspire, and Plaintiffs were to receive 22% while Aspire retained $11^{1/3}$%. The Complaint does not indicate who the other signatories to these agreements were. However, Plaintiffs allege that the July 2010 agreement "specifically noted Cash Money's involvement with making payments related to Drake, stating that the advance payable to Aspire would be paid by Cash Money." Complaint, DE #1 ¶ 17.

Plaintiffs allege that pursuant to this agreement and their purported understanding that Cash Money would pay Plaintiffs' share directly to Plaintiffs, skipping Aspire (which seems to be contradicted by the allegation that "the advance payable to Aspire would be paid by Cash Money"), Cash Money has paid to Plaintiffs certain sums and acknowledged its obligation to render an accounting therefore. Cash Money has not provided the accounting Plaintiffs allege is required, and would be necessary to ensure compliance with the obligation to pay 22% of net profits, and the sums paid thus far have been arbitrarily decided without reference to actual sales or profit figures.

Accordingly, Plaintiffs filed the instant complaint alleging seven counts against Cash Money: (I) Unjust Enrichment; (II) Accounting; (III) Conversion; (IV) Breach of Fiduciary Duty; (V) Constructive Trust; (VI) Tortious Interference with Contractual and Acknowlege [sic]

2

Business Relationship; and (VII) Breach of Contract. Defendant has moved to dismiss, arguing that Plaintiff's jurisdictional allegations do not sufficiently allege their own citizenship for purposes of this Court's diversity jurisdiction, and further that Aspire is an indispensable party to this action.

## II.    Legal Standard

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2010) and *Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show entitlement to relief and must plead "more than labels and conclusions. . . . A formulaic recitation of the elements of a cause of action will not do." *Id.* "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may also consult documents that are attached to the Complaint or motion to dismiss under the "incorporation by reference" doctrine. The Eleventh Circuit has defined the incorporation by reference doctrine to mean:

[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. . . . "Undisputed" in this context means that the authenticity of the document is not challenged.

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted); see also *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Finally, in considering a Motion to Dismiss for failure to join an indispensable party, the Court must look to Fed. R. Civ. P. 19. *See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982). Rule 19(a), which governs persons required to be joined if feasible, provides:

[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction <u>must be joined as a party if</u>: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(emphasis supplied). "Moreover, it is the burden of the movant to show the person to be joined is necessary or indispensable." *Panopoulos v. Lexington Ins. Co.*, 2013 WL 2708688 (M.D. Fla. June 12, 2013) (citing *BFI Waste Sys. of N. Am., Inc. v. Broward Cnty.*, 209 F.R.D. 509, 514 (S.D.Fla.2002); *Ship Constr. & Funding Servs. (USA), Inc. v. Star Cruises PLC*, 174 F.Supp.2d 1320, 1325 (S.D.Fla.2001)).

### III. Discussion

#### A. Plaintiffs' Jurisdictional Allegations are Insufficient

Plaintiffs have attempted to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, claiming that there exists complete diversity of citizenship and that the amount in controversy exceeds $75,000. The sum total of Plaintiffs' jurisdictional allegations are as

4

follows: "Plaintiff James "Jas" Prince is a resident of Houston, Texas and is the principal of [Plaintiff] Young Empire Music Group, LLC"; and "Plaintiff Young Empire Music Group, LLC is a limited liability with its principal place of business in Houston, Texas"; and finally that "Defendant Cash Money is a Louisiana corporation . . . with business address of 1755 NE 149[th] Street, Miami, Florida." Complaint, DE #1 ¶ 3–5.

Defendants argue that these allegations do not sufficiently allege diversity. Specifically, Plaintiffs have failed to plead their citizenship for purposes of diversity jurisdiction. Plaintiff Prince simply alleges that he is a "resident" of Houston, Texas. However, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (affirming dismissal for lack of subject matter jurisdiction for failure to plead citizenship of corporate defendant). As for Plaintiff Young Empire Music Group, LLC, all Plaintiffs allege is its principal place of business is in Houston, Texas, and that Plaintiff Prince is "a" principal of the limited liability company. For purposes of establishing diversity, "[t]o sufficiently allege the citizenships . . . a party must list the citizenships of all the members of the limited liability company." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Not only did Plaintiffs fail to list the citizenship of the one principal of the LLC it identified, Plaintiff Prince, but Plaintiffs further failed to allege whether Plaintiff Prince is the sole member of the LLC, or whether there are other members and their respective citizenships.

For these reasons, Plaintiffs jurisdictional allegations fail to invoke this Court's diversity jurisdiction.

## B. Aspire is an Indispensable Party

Defendants argue that Plaintiffs' complaint suffers from a second overarching defect in that non-party Aspire was not joined as a defendant in this action, and the Court agrees. According to Plaintiffs' complaint, it is Aspire, not Plaintiffs, who entered into an agreement

5

with Defendant Cash Money to furnish Drake's exclusive music recording services. Multiple parties, including Plaintiffs and Aspire (but apparently not including Cash Money) are alleged to have signed a settlement agreement agreeing that of the 1/3 of Drake's profits payable to Aspire by Cash Money under the recording agreement between Aspire and Cash Money, Plaintiffs would be entitled to 22%, leaving $11^{1/3}$% for Aspire. And while the Complaint alleges that the July 2010 agreement "specifically noted Cash Money's involvement with making payments related to Drake, stating that the advance payable to Aspire would be paid by Cash Money," Complaint, DE #1 ¶ 17, this very allegation suggests that monies are first payable to Aspire. And while the Complaint alleges that Cash Money has paid certain sums directly to Plaintiffs, the agreements upon which those payments—and this Complaint—are based necessarily involve advances "payable to Aspire."

The Court concludes that the relief Plaintiffs seek in this case cannot be afforded without impacting Aspire's rights, and that therefore Aspire is an indispensable party to this action.

## IV.    Conclusion

Therefore, it is **ORDERED, ADJUDGED and DECREED** that Defendant Cash Money Records, Inc.'s Motion to Dismiss or, in the Alternative, to Stay, and Incorporated Memorandum of Law **(DE #7)** be, and the same hereby is, **GRANTED**. Plaintiffs' Complaint (DE #1) is hereby **DISMISSED** without prejudice and with leave to file an Amended Complaint within 10 days of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 8th day of May, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:    **All Counsel of Record**

6