IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-CV-23057-JLK

JAMES "JAS" PRINCE,
an individual, and
YOUNG EMPIRE MUSIC GROUP, LLC,
a Texas Limited Liability Company,

      Plaintiffs,

v.

CASH MONEY RECORDS, INC.,
a Louisiana Corporation, and
ASPIRE MUSIC GROUP, LLC,
a Florida Limited Liability Company,

      Defendants.

_____/

### FIRST AMENDED COMPLAINT

Plaintiffs, JAMES "JAS" PRINCE and YOUNG EMPIRE MUSIC GROUP, LLC (collectively "Plaintiffs"), by and through their undersigned counsel, hereby sue Defendants CASH MONEY RECORDS, INC. and ASPIRE MUSIC GROUP, LLC (collectively "Defendants"), and in support thereof allege as follows:

### JURISDICTION AND VENUE

1.      Plaintiff's claims for relief provide subject-matter jurisdiction for this Court under diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 and because the amount in controversy exceeds the sum of Seventy-five Thousand dollars ($75,000.00), exclusive of interest and costs.

2.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), because Defendants are doing business in this district, as demonstrated in the document attached hereto as **Exhibit "A"** the injury therefrom is the result of Defendants' business in this district, and a substantial part of the events giving rise to the alleged claims occurred in this district.

## PARTIES

3.      Plaintiff, James "Jas" Prince ("Prince") is a citizen of Houston, Texas and is the sole principal of Young Empire Music Group, LLC.

4.      Plaintiff, Young Empire Music Group, LLC ("Young Empire") is a Texas limited liability company with its principal place of business in Houston, Texas and it's only member, Prince is also a citizen of Houston, Texas.  Young Empire is an entertainment company that produces and furnishes the services of performing artists.

5.      Defendant, Cash Money Records, Inc. ("Cash Money") is a Louisiana corporation engaged in the business of marketing and distributing musical recordings, with business addresses of 1755 NE 149th Street, Miami, Florida 33181 and 555 Washington Ave., Suite 240, Miami Beach, FL 33139.  Cash Money regularly conducts business in this judicial district and oftentimes uses stationary for its official correspondence that includes the Miami, Florida addresses referenced above, as show on Exhibit "A".

6.      Aspire Music Group, LLC is a Florida Limited Liability Company with its principal place of business at 555 Washington Ave, Suite 240, Miami Beach, Florida 33139 and

its mailing address at 12590 Pines Blvd, Unit 260907, Pembroke Pines, FL 33026. It is believed that it's members are either residents of Florida or New York.

## GENERAL ALLEGATIONS

7.     Aubrey Graham (p/k/a "Drake") may be the most popular hip-hop/rap artist in North America.

8.     In 2007, Plaintiffs discovered Drake and his talents before Drake had earned his worldwide notoriety.

9.     On or about December 10, 2008, with the help assistance and guidance of Plaintiffs, Drake signed an exclusive recording artist agreement with Defendant, Aspire Music Group, LLC ("Aspire"), which was tasked with furnishing Drake's services to others for the purpose of creating musical recordings.

10.    On or about June 26, 2009, Aspire entered into a memorandum of agreement with Defendant, Cash Money Records, Inc./Young Money Entertainment, LLC ("Cash Money"), pursuant to which Aspire furnished the exclusive recording services of Drake to Cash Money.

11.    Drake's gross compensation is paid to Cash Money, who is responsible for payments to the artist and to Aspire.

12.    On or about July 9, 2009, in recognition of Plaintiffs' services in bringing Drake to their attention, and as recompense for ignoring the Oral Agreement they had made, Aspire and other parties entered into a settlement agreement and general release ("Settlement Agreement") whereby the parties agreed that Plaintiffs shall thereafter be paid a sum equal to twenty-two percent (22%) of Aspire's thirty-three and one-third percent (33 1/3%) share of profit advances,

net profits and other advances under the Cash Money recording agreement. Plaintiffs are direct and intended beneficiaries of this Settlement Agreement and have standing to enforce its terms.

13.     In the 2009 Settlement Agreement, Aspire promised to use its best efforts to cause Cash Money to account to and pay Plaintiffs directly and further promised that Aspire would pay Plaintiffs if Cash Money did not.

14.     It was later clarified, on or about July 9, 2010, that the division of income between Aspire and Plaintiffs (as written in the July 9, 2009 Settlement Agreement) was intended to mean that of the thirty-three and one-third percent (33 1/3%) payable to Aspire, Plaintiffs receive twenty-two (22%) percent and Aspire receives eleven and one-third percent (11 1/3%).   The Settlement Agreement stated, for example, "if Aspire was due $100,000.00, Plaintiffs would receive $66,666.00 of the $100,000.00 and Aspire would receive $33,333.00 of the $100,000.00."

15.     The clarified understanding stated in Paragraph 11, *supra*, was further confirmed by Plaintiff's receipt of two-thirds of an advance received by Aspire from Cash Money.

16.     The spirit of the Settlement Agreement was that Plaintiffs would continue to receive their share of the profits (2/3 of 1/3) delivered from Drake's Recordings, while Drake grew from relatively obscurity into a household name.

17.     As early as June 26, 2009, Defendants were involved in providing recording services to Drake and acting on Drake's behalf in a variety of commercial activities.

18.     On or about July 18, 2009, it was reported that the unusually lucrative agreement Drake entered into that paid him a $2 million advance involved Defendants.[1]  Plaintiff was not part of that Agreement.

19.     On or about August 12 and 13, 2009, Cash Money filed four (4) trademark applications in an effort to receive registered trademarks from the U.S. Patent and Trademark Office for marks affiliated with Drake, including the word marks "DRAKE" and "DRIZZY DRAKE."

20.     On or about February 11, 2011, Drake's publicist acknowledged Cash Money's role with Drake, confirming that "Drake is signed to Aspire/Young Money/Cash Money and has no plans to leave."[2]

21.     Defendants have had a continuing obligation to make payments to Plaintiffs and provide accountings related to same since the division of income between Defendants and Plaintiffs was established by the Settlement Agreement and in the correspondence referenced herein.

22.     On or about November 8, 2013, Cash Money sent a letter to Plaintiffs (attached hereto as **Exhibit "A"** and referenced herein as the "Wire Letter") acknowledging its' oral agreement reached with Plaintiff and its' obligation to account and pay to Plaintiff for its' share of the profits generated from the sale of the recordings made by Drake (the "Oral Agreement") further stating that Cash Money shall wire One Million Dollars ($1,000,000) to Young Empire,

---

[1] *See* "Drake: From teen TV star to rap royalty," Chris Lee, *Los Angeles Times*, at
http://latimesblogs.latimes.com/music_blog/2009/07/drake-from-teen-tv-star-to-rap-royalty-.html (July 18, 2009).
[2] *See* "Drake Has No Plans to Leave Young Money, Rep Says," *XXL Magazine*, at http://www.xxlmag.com/xxl-magazine/2011/02/drake-has-no-plans-to-leave-young-money-rep-says/ (Feb. 11, 2011).

but without providing any accounting or justification as to why the amount in the payment was the amount of money owed to Plaintiffs.

23.     Upon information and belief, Cash Money's payment to Plaintiffs on November 8, 2013 was at least $5,000,000.00 less than what was owed to Plaintiffs for Plaintiff's share of the profits. So that they could determine if cash money now paid to Plaintiff the correct and proper share of the profits affordable to Drake's recordings.

24.     On or about November 18, 2013, Plaintiffs, through their accountant, made a request to Cash Money's counsel, Edward Grauer ("Grauer"), that Cash Money provides a list of documents needed to review Drake's United States financial statements as of July 31, 2013.

25.     On or about January 21, 2014, Grauer informed Plaintiffs' accountant that he would provide, *inter alia*: (1) Drake's sales history; (2) cumulative mechanical royalties; (3) marketing costs; (4) producer royalties/recording costs and accompanying statements; and (5) litigation cost summary, and that he would look into other charges, thereby again acknowledging and confirming Cash Money's obligation to account and pay Plaintiff its share of the Drake's profits.

26.     On behalf of Cash Money, Grauer only provided Plaintiffs' accountant with unsubstantiated marketing costs and producer royalty statements.

27.     On or about March 27, 2014, Plaintiff continued to demand that Defendants account and pay to Plaintiff its' share of Drake's profits in response, Cash Money made another One Million Dollars ($1,000,000.00) payment to Young Empire, without providing any accounting or justification as to why the amount in the payment was the amount of money owed

to Plaintiffs, again acknowledging and confirming Defendants' obligation to account and pay Plaintiff for its' share of the Drake profits.

28.    On or about March 31, 2014, and after Plaintiff's accountant made multiple attempts to communicate with Grauer and receive the promised documents, Grauer said that he was putting together the information requested for the period ending July 2013.

29.    The requested documents showing Plaintiff its' proper share of Drake's profits still not been provided to Plaintiff by either of the Defendants.

30.    Defendants have continued to employ stall tactics and refuse to provide the documents necessary for Plaintiffs to determine how much money they are owed from the sale of Drake's recordings, which demonstrate gross receipts as of July 2013 of the amount $84,000,000.00.

31.    Defendants have a continuing obligation to pay Plaintiffs related to profit advances, net profits and other advances due to Drake, and not an arbitrary amount of money whenever Defendants deem fit.

32.    As a direct and proximate result of Defendant's acts complained of herein, Plaintiffs have suffered severe and irreparable harm and damage have been forced to retain the undersigned law firm and agreed to pay it a reasonable fee for its services.

33.    All prerequisites to filing suit have been satisfied, have occurred, or have been waived.

## COUNT I – UNJUST ENRICHMENT VS. ALL DEFENDANTS

The Plaintiffs re-allege the jurisdictional and factual allegations of Paragraphs 1-33 and state:

34.      This is a Count for Unjust Enrichment against both Defendants.

35.      By means of not paying Plaintiffs its share of the profit of Drake's profits calculated as two-thirds (2/3) of any and all monies otherwise payable to Aspire (1/3 of the total profits) in connection with Drake (and instead paying Plaintiffs an underpayment in the amount of an arbitrary $2,000,000.00 made in two separate payments of $1,000,000.00 by Cash Money), Defendants have been conferred a benefit upon them.

36.      Defendants have knowledge of and have acknowledged the validity of the existing arrangement that continues to entitle Plaintiffs to two-thirds (2/3) of any and all monies otherwise payable to Aspire (1/3 of the total profits) in connection with Drake.

37.      By their failure to pay Plaintiffs what Plaintiffs are owed, Defendants have retained an amount in excess of what they are entitled to keep, such that it would be inequitable and unjust for Defendants to retain the benefit of the funds due to Plaintiffs.

**WHEREFORE**, Plaintiffs request that this Honorable Court render judgment against Defendants by awarding damages in excess of $4,000,000, plus interest, and award such further relief as this Court may consider just.

## COUNT II - ACCOUNTING

The Plaintiffs re-allege the jurisdictional and factual allegations of Paragraphs 1-33 and state:

38.      This is a Count for an Accounting against both Defendants.

39.      Based on Defendants acceptance of an obligation to account to and make payments to Plaintiffs based on profit advances, net profits and other advances in connection

with Drake, a fiduciary relationship exists between Defendants and Plaintiffs.  This obligation is confirmed in the email trail attached hereto as **Exhibit B**.

40.   The amount of money at issue is in excess of the $2,000,000.00 paid by Cash Money to Plaintiffs without any accounting or justification.

41.   The sum of money due to Plaintiffs is profit advances, net profits and other advances under Drake's recording agreement calculated consistent with the terms of the Oral Agreement and Settlement Agreement, not an arbitrary number that Defendants devise without support for same.

42.   The sum of money due to Plaintiffs from Defendants continues to accumulate and grow, and without a proper accounting, Plaintiffs are unaware of the true amount of money they are due.

43.   Plaintiffs do not have access to any of the secure accounting documents funds obtained by or payments made by Defendants as a result of profit advances, net profits and other advances under Drake's recording agreement, nor the ability to properly calculate its proper share, since the books and records are within Defendants' control, hence Plaintiff cannot determine what amounts have been improperly withheld from being disbursed to Plaintiffs.

44.   Plaintiffs are entitled to appropriate relief in the form of an accounting, so that the funds can be properly counted and delivered by Defendants to Plaintiffs.

45.   The Court should order an immediate accounting by Defendants as to the monies due to Plaintiffs based on profit advances, net profits and other advances under Drake's recording agreement, and in accordance with the Oral Agreement.

**WHEREFORE**, Plaintiffs request that this Honorable Court order an immediate accounting of Defendant's revenue received concerning or related to Drake and that Defendants must immediately provide such accounting statements to Plaintiffs for review, and award such further relief as this Court may consider just.

## COUNT III - CONVERSION

The Plaintiffs re-allege the jurisdictional and factual allegations of Paragraphs 1-33 and state:

46.     This is a Count for Conversion against both Defendants.

47.     Upon information and belief, Defendants intentionally misappropriated more than $4,000,000 in funds belonging to Plaintiffs from the profit advances, net profits and other advances under Drake's recording agreement for Cash Money's own use.  Said funds are readily identifiable; however, Plaintiffs have not been provided any accountings to determine the specific amount of money that has been converted by Defendants.

**WHEREFORE**, Plaintiffs request that this Honorable Court render judgment against Defendants for compensatory damages in excess of $4,000,000, plus interest, and award such further relief as this Court may consider just.

## COUNT IV – CONSTRUCTIVE TRUST

The Plaintiffs re-allege the jurisdictional and factual allegations of Paragraphs 1-33 and state:

48.     This is a Count against both Defendants to establish and impose an Equitable Lien and/or Constructive Trust. Plaintiffs have no adequate remedy at law.

49.    The Plaintiffs' designated share of profit advances, net profits and other advances under Drake's recording agreement; belong to Plaintiffs and not in the hands of Defendants.

50.    Based on the facts stated herein, an equitable lien and/or constructive trust should be imposed on the proceeds allocable to Plaintiffs in favor of and for the benefit of Plaintiffs.

**WHEREFORE**, Plaintiffs request that this Honorable Court: (i) impose a constructive trust and/or equitable lien on the referenced proceeds allocable to Plaintiffs pursuant to Plaintiffs' recognized share of profit advances, net profits and other advances under Drake's recording agreement, as confirmed in the Oral Agreement and Settlement Agreement for the benefit of Plaintiffs; and (2) award such other and further relief as the Court deems just and proper, including attorneys' fees and costs, pre-judgment and post-judgment interest.

## COUNT V VS. CASH MONEY – TORTIOUS INTERFERENCE WITH CONTRACTUAL AND ACKNOWLEDGE BUSINESS RELATIONSHIP

The Plaintiffs re-allege the jurisdictional and factual allegations of Paragraphs 1-33 and state:

51.    This is a Count for Tortious Interference against Cash Money with the contractual advantages business agreements related by Cash Money.

52.    At all times relevant, Plaintiff established contractual and advantages business relationships with Aspire and Young Money Entertainment, LLC, which, *inter alia*, entitled Plaintiffs to be paid a sum equal to two-thirds of Aspire's thirty-three and one-third percent (33 1/3%) share of profit advances, net profits and other advances under the Young Money Entertainment, LLC/Cash Money recording agreement.

53.     Cash Money intentionally and unjustifiably interfered with the contractual and advantages business relationships that Plaintiff's enjoy with Aspire and Young Money Entertainment, LLC by encouraging and orchestrating the removal of Aspire as an entity tasked with furnishing Drake's services to others for the purpose of creating recordings.

54.     Upon information and belief, Cash Money's intentional and unjustifiable interference with the contractual and advantages relationships between Plaintiff and Aspire and Young Money Entertainment, LLC was done, in part, to unlawfully and improperly eradicate any formal obligations to pay Plaintiffs pursuant to the Settlement Agreement.

55.     As a result of Cash Money's tortious interference with the contractual and advantages business relationships between Plaintiffs and Aspire and Young Money Entertainment, LLC, of which Plaintiffs were intended beneficiaries, Plaintiffs have been severely damaged and irreparably harmed.

**WHEREFORE**, Plaintiffs request that this Honorable Court render judgment against Cash Money by awarding damages in excess of $75,000.00, plus interest, and such further relief as the Court may consider just.

## COUNT VI AGAINST CASH MONEY – BREACH OF ORAL CONTRACT

The Plaintiffs re-allege the jurisdictional and factual allegations of Paragraphs 1-33 and state:

56.     This a Count for Breach of the Oral Agreement against Cash Money.  Pursuant to the Oral Agreement, Defendant Cash Money agreed to account and paid to Plaintiff such sums as shall equal 2/3 of 1/3 of the total profits derived from the sale of Drake's recordings.

57.     The terms of the Oral Agreement, were confirmed in the accounts attached hereto as Exhibits A & B, partially performed by Defendant.

58.     However, Defendant has breached the terms of the Oral Agreement by fully and properly accounting and paying to Plaintiff its share of the profits derived from the Drake recordings.

59.     Plaintiff has satisfied all conditions precedent.

60.     As a direct and proximate result of Defendant's breach of the terms of the Oral Agreement, Plaintiffs have been damaged.

WHEREFORE, Plaintiff request that this Honorable Court order judgment against Cash Money, by awarding damages in excess of $75,000.00 plus interest, and for such further relief as this court may deem just and proper.

## COUNT VII AGAINST ASPIRE– BREACH OF CONTRACT

The Plaintiffs re-allege the jurisdictional and factual allegations of Paragraphs 1-33 and state:

61.     This a Count for Breach of Contract against Aspire. Aspire has breached the Settlement Agreement for which Plaintiffs are direct and intended beneficiaries and have standing to enforce its terms. In accordance with the Settlement Agreement, Aspire has failed to account to and pay Plaintiffs or cause Plaintiffs to be paid such sums as shall equal 2/3 of 1/3 of the total profits derived from the sale of Drake's recordings.

62.     As a direct and proximate result of Aspire's breach, Plaintiffs have been damaged.

WHEREFORE, Plaintiff request that this Honorable Court order judgment against Cash

Money, by awarding damages in excess of $75,000.00 plus interest, and for such further relief as

this court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a Jury Trial of all issues so triable.

May 13, 2015

**WOLFE LAW MIAMI, P.A.**

Attorneys for Plaintiffs
175 SW 7th Street, Suite 2410
Miami, FL 33130
Phone: 305.384.7370
Fax: 305.384.7371

By:

RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com

### SERVICE LIST
### Case No. 1:14-CV-23057-JLK

I hereby certify that on May 13, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.