UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 14-CV-23057-JLK

JAMES "JAS" PRINCE and
YOUNG EMPIRE MUSIC GROUP, LLC

    Plaintiffs,

v.

CASH MONEY RECORDS, INC. and
ASPIRE MUSIC GROUP, LLC,

    Defendants.

_____/

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

This CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER (THE "STIPULATION") is entered into as an agreement between and among Plaintiffs, James "Jas" Prince and Young Empire Music Group (jointly, "Plaintiffs") and Defendants Cash Money Records, Inc. ("CMR") and Aspire Music Group, LLC ("Aspire") (CMR and Aspire are collectively referred to as "Defendants") and through their respective counsel. Hereinafter, Plaintiffs and Defendant collectively are referred to as the "Parties" and each individually is referred to as a "Party."

**WHEREAS**, Plaintiffs have filed this case captioned *James "Jas" Prince, et al., v. Cash Money Records, Inc. et al.*, S.D. Fla. 14-23057/JLK (the "Action");

**WHEREAS**, Plaintiffs and Aspire also are parties to the related case pending in New York state court captioned *Prince at al. v. Sweeney et al.*, New York Supreme Court Index No. 652560/12 (the "New York Action");

**WHEREAS**, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, the

Parties believe that an agreement and order as to confidentiality would be proper;

IT IS HEREBY ORDERED, and by executing this Stipulation the Parties hereby agree, that this Confidentiality Stipulation and Protective Order shall govern the use and handling of information exchanged in this Action as follows:

1. **Recitals:** All of the above statements are true and correct.

2. **Designation of Confidentiality:** The designation of material or information as "Confidential" may be made by letter to counsel, by stamping or affixing "Confidential" onto any document (in such manner as will not interfere with the legibility thereof) or by any other reasonable means agreed to by the Parties. A "Confidential" document means any document which bears the legend (or which shall otherwise have been designated in a way that brings its attention to a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection as confidential material. In general, "Confidential" materials shall encompass documents, materials, and responses to interrogatories or other written discovery of the following types: (a) trade secrets; (b) proprietary or sensitive business or personal information; (c) personnel files or information; or (d) information that would constitute an invasion of the right of privacy of an individual or corporation. This paragraph shall not be deemed to exclude other types of classifications of documents, materials, and responses to interrogatories or other written discovery that a Party may designate as "Confidential." For purposes of this Stipulation, the term "document" means all written, recorded, or graphic material, whether produced or created by a Party or another person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, agreement, or otherwise. Failure to designate a document as "Confidential" when it is initially produced shall not constitute a waiver of the right to later designate it or the information therein contained as confidential, but the receiving Party's disclosure of the document or its contents during such

intervening time period shall not constitute a violation of this Stipulation. Parties may designate responses to interrogatories as "Confidential" as well as responses to requests for admission.

3. **Restriction on Use of Confidential Information:** Materials or information designated as "Confidential" hereunder may only be used for litigation and trial of the Action, including depositions, court proceedings, and appeals, and shall not be disclosed or used for any business, commercial, competitive, or other purpose. Such documents and other materials designated as "Confidential" and the information contained therein shall be referred to herein as "Confidential Information." Any Confidential Information shall not be revealed to or made available for inspection or copying by any person except under the terms of this Stipulation. Notwithstanding the foregoing, materials or information designated as "Confidential" hereunder also may be used in the New York Action if and when this Confidentiality Stipulation and Protective Order becomes binding upon all of the parties to the New York Action in accordance with paragraph 12 below. Any filing with the Court in the Action or the New York Action containing Confidential Information shall be filed under seal, either in accordance with Southern District of Florida Local Rule 5.4 in the Action or the pertinent procedures governing filings under seal in the New York Action.

4. **Use of Own Documents:** Nothing herein prevents any Party from making whatever use it deems appropriate of its own "Confidential" documents and information.

5. **Declassification of Confidential Information:** This Stipulation shall not restrict the right of any Party hereto to challenge a "Confidential" designation or lack of designation by motion. If a Party objects, in writing, to another Party's designation of information as Confidential, and the Parties are unable to resolve the dispute within ten (10) working days of receipt of that writing, then the Party challenging the designation shall seek an appropriate order from the Court in the Action and have the burden of proving by the preponderance of the evidence that the material is improperly

classified for the protection sought. The information shall be treated as Confidential until the motion is determined.

6. **Confidential Information at Trial:** A Party may offer in evidence, at trial or any other court hearing, documents containing Confidential Information upon five (5) business days' notice to the designating Party, provided that a designating Party may apply to the Court for special treatment of such documents and/or information, including moving for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. Subject to compliance with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and all other applicable rules or court orders regarding exhibit disclosures, a Party may introduce, at trial or any other court hearing, information that it alone has designated as Confidential without providing prior notice to the other Party.

7. **Permissible Disclosures:** Materials designated as "Confidential" may be disclosed to counsel of record for the Parties in the Action who are engaged in the conduct of this litigation, to the partners, associates, secretaries, paralegals, and employees of counsel's firm to the extent reasonably necessary to render professional services in the Action, and to persons with prior knowledge of the Confidential Information. Materials containing Confidential Information also may be disclosed to trial witnesses to the extent reasonably necessary in preparing such witnesses to testify. Materials containing Confidential Information also may be provided to the following persons if they agree to be bound by this Stipulation by executing the Acknowledgment and Consent attached as Exhibit A: outside consultants or experts retained for the purpose of assisting counsel in the litigation, including those involved in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system, and

employees of third-party contractors performing one or more of those functions.

8. **Subpoena by Courts or Other Agencies:** If a court or an administrative agency subpoenas or orders production of materials containing Confidential Information that a Party (the "Responding Party") has obtained under the terms of this Stipulation such Responding Party shall provide counsel for the other Party or other person who designated the materials as Confidential (the "Interested Party") of the pendency of such subpoena or order, provide the Interested Party a copy of the subpoena or order, and shall not disclose the materials in response to such subpoenas or orders production until at least five (5) business days after providing such notice to the Interested Party. Upon receiving such notice, it is the obligation of the Interested Party to intervene or file any appropriate objections with the relevant court or agency to seek to prevent disclosure.

9. **Non-Termination:** All Parties who have received documents designated as Confidential pursuant to this Stipulation shall, within thirty (30) days of the conclusion of the Action, return such documents to the producing Party or certify to that Party that such materials have been destroyed.

10. **Modification and Non-Waiver:** Nothing in this Stipulation shall prevent any Party or other person from seeking modification of this Stipulation or from objecting to discovery that it believes to be otherwise improper. Further, nothing in this Stipulation shall prevent any Party from challenging the confidential status of materials designated as Confidential hereunder, nor should this Stipulation be construed as broadening or enlarging the definitions or protections for establishing a document is a trade secret or confidential business information under federal, Florida, or New York law.

11. **No Effect on Objections:** This Stipulation is not intended to waive any objection or otherwise to preclude any Party from objecting to any discovery request believed to be improper,

or from seeking an order sealing the record of this action. Specifically, the Parties do not waive their right to assert objections to the production of any information on the basis of, among other things, concerns over privacy and/or confidentiality, or that the request for information is vague and over broad, and seeks information which is irrelevant.

12. **Use in New York Action:** The Parties may use Confidential Information in the New York Action if and when all parties to the New York Action agree to be bound to the terms of this Stipulation by executing the Acknowledgment and Consent attached hereto as Exhibit A. Plaintiffs and Aspire agree to make best, good faith efforts to obtain an order from the court in the New York Action adopting this Stipulation as binding upon the parties in the New York Action, and the other parties to the New York Action agree to support Plaintiffs' and Aspire's motion seeking such relief and to otherwise make reasonable efforts to assist Plaintiffs and Aspire in obtaining such an order. By signing the attached Acknowledgment and Consent all parties to the New York Action also agree that any violation of this Stipulation by any party to the New York Action may be redressed by CMR in either or both of the following ways: (A) CMR may seek to intervene in the New York Action to enforce this Stipulation and any order by the Court in the New York Action adopting this Stipulation, and all parties to the New York Action will agree to, and will not oppose, such intervention; and (B) all parties to the New York Action agree that CMR may file a separate action for breach of this Stipulation in Florida against any party to the New York Action that violates this Stipulation (a "Breach Action"), and all parties to the New York Action agree that: (i) Miami-Dade County, Florida shall be a proper venue for a Breach Action; (ii) they hereby expressly waive any objection or defense that such venue is an inconvenient or otherwise improper forum for a Breach Action; (iii) they hereby waive any and all objections to personal jurisdiction by a Florida court as they may relate to the enforcement of the terms of this Stipulation in a Breach Action; (iv) that any Breach Action

shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural; and (v) the successful or prevailing party in any Breach Action shall be entitled to recover reasonable attorneys' fees, court costs, and all expenses, including nontaxable court costs incurred (including for establishing entitlement to and amount of such fees) in that Breach Action from the non-prevailing party. The foregoing remedies are not exclusive, and CMR may employ any other method of redressing a violation of this Stipulation as is permitted under applicable law.

DONE and ORDERED in Chambers at Miami, Florida this 9th day of July, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record

Stipulated And Agreed To:

By: /s Scott M. Dimond
Scott M. Dimond, Esq.
Dimond Kaplan & Rothstein, P.A.
Attorneys for Defendant Cash Money Records, Inc.

By: /s Richard Wolfe
Richard Wolfe, Esq.
Wolfe Law
Attorneys for Plaintiffs, James "Jas" Prince Group and Young Empire Music

By: /s Philip R. Hoffman
Philip R. Hoffman, Esq.
Pryor Cashman LLP
Attorneys for Defendant Aspire Music Group, LLC

By: /s Jethro Eisenstein
Jethro Eisenstein, Esq.
Profeta & Eisenstein
Attorneys for Plaintiffs, James "Jas" Prince Group and Young Empire Music

## EXHIBIT A

### ACKNOWLEDGMENT AND CONSENT

I hereby certify that:

(i) I have read the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER (THE "STIPULATION") that has been submitted to the Court in the action styled *James "Jas" Prince, et al., v. Cash Money Records, Inc. et al.*, S.D. Fla. 14-23057/JLK (the "Action"), pending in the United States District Court for the Southern District of Florida, and I understand its terms;

(ii) I understand that discovery material designated as "Confidential" under the Stipulation is being provided to me pursuant to the terms of the Stipulation; and

(iii) I agree to be fully bound by all of the provisions of the Stipulation, specifically including but not limited to its provision restricting disclosure of discovery material designated as confidential under the Stipulation and limiting the use of such discovery material as provided in the Stipulation and all provisions relating to the enforcement of the Stipulation.

Dated: 6/24/15

Signature: [signature]
Counsel for Plaintiffs
John M. Einstein JME